(February 27, 1891.)

## GOODNIGHT v. MOODY, State Auditor.

### [26 Pac. 121.]

Section 8, Article 3 of the Constitution Construed—Sessions of Legislature Designated.—Section 8, article 3 of the constitution designates the different sessions of the state legislature as follows: 1. The first session; 2. Sessions to be held biennially after the first session, commencing on the first Monday after the first day of January, and every second year thereafter; 3. Sessions convened by the governor.

Compensation of Members of Legislature.—The first paragraph of section 23, article 3 of the constitution applies to the regular or biennial sessions only, as to the *per diem* compensation of members, and the aggregate of *per diem* allowances.

Same.—The second paragraph of said section 23 fixes the *per diem* of each member, except the presiding officers, for the first session of said legislature, and for sessions convened by the governor, and does not limit the aggregate *per diem* allowances for said first session.

Writ of Mandate—State Auditor to Issue Warrant.—A writ of mandate will issue to compel the state auditor to issue his

warrant, to pay the *per diem* of each member for each day's attendance, upon the first session of said legislature, regardless of whether such member has already received, in the aggregate, three hundred dollars for *per diem* allowances for said first session or not.

(Syllabus by the court.)

Lyttleton Price and T. J. Jones, for Applicant.

George H. Roberts, Attorney General, for Defendant.

SULLIVAN, C. J.—On the twenty-third day of February, 1891, J. L. Goodnight, the plaintiff, made his application to this court for a writ of mandate to the Honorable Silas W. Moody, auditor of the state of Idaho, commanding said auditor to issue his warrant upon the state treasurer for the sum of five dollars, in payment of the *per diem* for the applicant's attendance as a member of the House of Representatives of the state of Idaho for the twenty-first day of February, 1891. The facts stated in said application are substantially as follows: That said applicant was, on the first day of October, 1890, duly elected as a member of the House of Representatives of the legislature of the state of Idaho from the county of Nez Perces, state aforesaid, for the term of two years; that on the eighth day of December, 1890, he duly qualified as such representative, and that ever since said eighth day of December he has been, and now is, a duly qualified and acting member of the House of Representatives of said Idaho legislature for the county aforesaid; that on said eighth day of December the legislature of the state of Idaho was convened in its first session by a proclamation of the governor, and began its duties under and by virtue of said proclamation and the constitution of the state of Idaho, and remained in continuous session from said eighth day of December, 1890, to the twentieth day of December, 1890, at which last-mentioned date said legislature adjourned to the fifth day of January, 1891, and on said fifth day of January reconvened, and remained in continuous session since said fifth day of January; that on the twenty-first day of February, A. D. 1891, the said legislature was in lawful session at the capitol of the state, and that the applicant, as a member thereof, as aforesaid, was present and attended the ses-

sion on that day, and performed all duties required to be performed by him as such member by the laws and constitution of the state of Idaho; that there was due and payable to said applicant from the state of Idaho for said day's services the sum of five dollars; that on said twenty-first day of February, Honorable Frank A. Fenn was the duly elected, qualified, and acting Speaker of said House of Representatives, and as such Speaker made out and delivered to the applicant his certificate in due form of law, showing and certifying that the applicant had attended said·day's session of the House of Representatives aforesaid, and was entitled to the sum of five dollars for said day's services; that the defendant, Silas W. Moody, is the duly elected, qualified, and acting auditor of the state of Idaho, and that it is the duty of the said auditor to issue warrants to all members of the said legislature for their *per diem* for attendance for each day that the members of said legislature are legally entitled thereto; that there is a lawful appropriation of funds in the state treasury for the payment of the *per diem* of all members of the legislature for said day; that on the twenty-first day of February, 1891, the applicant presented to said auditor, at his office in Boise City, Idaho, the said certificate of the said Speaker of the House of Representatives, issued to the applicant as aforesaid, and the applicant then and there requested and demanded that he, the said state auditor, issue to the applicant a state warrant on the state treasury of the state of Idaho for the sum of five dollars, the amount due the applicant for the services rendered by him, as aforesaid, on the twenty-first day of February, A. D. 1891; that the said Honorable Silas W. Moody refused without any just cause to issue and deliver to the applicant his warrant on the treasury of the state of Idaho, as by law it was his duty to do, and that said auditor still refuses, although often requested so to do, to issue and deliver to the applicant an Idaho state warrant for said sum of five dollars; that said Honorable Silas W. Moody, auditor, as aforesaid, stated as his reason for refusing to issue the warrant aforesaid that the applicant, J. L. Goodnight, had heretofore been paid the sum of three hundred dollars as *per diem*, in state warrants, as representative in the first session of the legislature of the state of Idaho, the same being the sum limited by

the constitution of the state of Idaho. The applicant prays that a writ of mandate issue to compel the said auditor to issue to the applicant his warrant, in due form of law, upon the state treasurer, for the sum of five dollars, in payment of the *per diem* provided by law for his attendance as a member of the House of Representatives of the state of Idaho for the twenty-first day of February, A. D. 1891. The defendant, Honorable Silas W. Moody, interposes his demurrer to said application, and alleges as the ground thereof that said application does not state facts sufficient to constitute a cause of action against him. This cause came on for hearing upon said demurrer. The defendant, by his demurrer, admits the facts set up in the application to be true. It is therefore admitted that the defendant refused to issue his warrant to the plaintiff, for the reason that said plaintiff had theretofore been paid the sum of $300 for *per diem* allowances as a member of the state legislature of Idaho for the first session thereof; that being the sum to which each member is limited for *per diem* allowances by the constitution. If it be true that the constitution limits the *per diem* of each member of the legislature to $300 for the first session thereof, then the writ of mandate should not issue; but if the constitution does not limit the aggregate amount which each member shall receive at this session for *per diem* allowances, the writ should issue.

To determine the question involved we must turn to the constitution. Section 8, article 3 of the constitution is as follows: "The sessions of the legislature shall, after the first session thereof, be held biennially at the capitol of the state, commencing on the first Monday after the first day of January, and every second year thereafter, unless a different day shall have been appointed by law, and at other times when convened by the governor." This section mentions the first session of the legislature, the sessions to be held biennially after the first session, and sessions convened by the governor. The first session of the legislature is the session provided for by section 14, article 21 of the constitution. This section directs the governor of the state, immediately upon his qualifying and entering upon the duties of his office, to issue a proclamation convening the legislature of the state at the seat of government on a day to

be named in said proclamation, which shall not be less than thirty nor more than sixty days after the date of said proclamation. The biennial sessions are those fixed by said eighth section of the constitution to be held at the capitol of the state, commencing on the first Monday after the first day of January, biennially, after the first session, and every second year thereafter. The other sessions of the legislature referred to in section 8 are those convened by the governor. The last-mentioned sessions are those referred to in section 9, article 4 of the constitution, which section empowers the governor, on extraordinary occasions, to convene the legislature by proclamation. The present session of the legislature is the session designated in said section 8 of the constitution as the "first session." Section 23, article 3 of the constitution, among other things, fixes the pay of the members of the legislature, and is, upon that point, as follows: "Each member of the legislature shall receive for his services a sum not exceeding five dollars per day from the commencement of the session, but such pay shall not exceed for each member, except the presiding officers, in the aggregate three hundred dollars for *per diem* allowances for any one session; and shall receive each the sum of ten cents per mile each way by the usual traveled route." "When convened in extra session by the governor they shall each receive five dollars per day; but no extra session shall continue for a longer period than twenty days, except in case of the first session of the legislature"; and also provides that they shall receive such mileage as is allowed for regular sessions. This section is divided into two paragraphs. In the first paragraph it is declared that no member, except the presiding officers, shall receive for his services a sum exceeding five dollars per day, and in the aggregate, for *per diem* allowances, not more than three hundred dollars for any one session, and shall receive the sum of ten cents per mile each way by the usual traveled route. The second paragraph fixes absolutely the *per diem* which each member shall receive when convened in extra session by the governor, and what each member shall receive at the first session, and declares that no extra session shall continue for a longer period than twenty days, except in case of the first session; and further declares that each member shall receive such mileage as

is allowed for regular sessions. There is no provision of the constitution fixing the mileage for regular sessions, except said first paragraph of section 23, and that part of said paragraph referring to mileage is separated from the remaining part of said paragraph by a semicolon, as shown by the original enrolled copy of the constitution, filed in the office of the Secretary of State, and not by a period, as shown by the printed (pamphlet) copy of the constitution. As the second paragraph of said section clearly refers to the first paragraph thereof as fixing the mileage of members for regular sessions, and as that part of said first paragraph fixing such mileage is separated from the remaining part by a semicolon only, we are of the opinion that that part of said first paragraph which declares that no member except the presiding officers shall receive more than $300 for *per diem* allowances for any one session applies to biennial or regular sessions—sessions directed by section 8, article 3, of the constitution to be held biennially after the first session, commencing on the first Monday after the first day of January— and every second year thereafter, and does not apply to the first session of the legislature. The framers of the constitution, and the people who adopted it, certainly recognized the fact that the first session of the legislature would necessarily, from the amount of legislation required, be a prolonged one. United States senators were to be elected; laws passed to carry into effect the provisions of the constitution; the laws amended so as to conform to the conditions of statehood; and much other needed legislation. In view of these facts, and, as we think, the clear intent of the provisions of the constitution, we are of the opinion that the members of the legislature at the present session (this being the first session) are not limited in the aggregate to $300 for *per diem* allowances, but that each member, except the presiding officers, is entitled to the sum of five dollars per day for each day's attendance during the present session. The demurrer is therefore overruled, and it is ordered that a peremptory writ of mandate issue as prayed for by the plaintiff.

Morgan, J., concurs.

HUSTON, J., Dissenting.—I find myself unable to agree with the majority of the court in the conclusion they have reached in this case. Whether the first session of the legislature be called a regular or an extra session, or a session *sui generis,* it seems to me that the provision in the first subdivision of section 23 of the constitution, limiting the *per diem* compensation of members to $300 "for any one session," is so clear, distinct, and unequivocal, as not to necessitate the invocation of any rule of construction. My view is strengthened when I consider the consequences involved in the construction given by the majority of the court to section 23. I am unwilling to believe that the framers of the constitution intended to place no other limit upon the amount of *per diem* compensation to members of the legislature than that of their full term of two years, at five dollars per day.